TENNANT, Appellant, v. RAFFERTY, et al., Respondents.

(184 N. W. 196.)

(File No. 4841.   Opinion filed June 23, 1921.)

1.   **Specific Performance—Option to Buy Realty, Cash Payment, Balance Within Specified Period at Specified Interest—Failure to Provide for Note, Security, or Deferred Interest Rate, Whether Contract Incomplete, Indefinite, Uncertain.**   -

Where an option contract to purchase realty by a specified date, and providing for part payment, balance of purchase price payable within five years at a specified yearly interest rate, but failing to provide for a note or security for deferred payment, or to specify whether rate of interest on deferred payments is payable annually or not, held, that absence of said provisions did not render the contract incomplete, indefinite or uncertain for purpose of specific performance; the contract not providing for conveyance of title until purchase money is all paid.

2.   **Vendor and Purchaser—Contract Giving Privilege of Paying All Cash, Which was Tendered—Meaning of "5 P. C. P. A." Re Interest, Immaterial.**

Where a contract for land purchase gave purchaser privilege of paying all cash, the question as to meaning of a clause: "5 P. C. P. A. interest" is immaterial, purchaser having tendered full amount of purchase price.

3.   **Pleadings—Complaint Re Specific Performance—Alleging Lease With Option to Purchase By Date Certain at Specified Price Within Specified Period Under Cash and Deferred Payment at Specified Interest, Possession Given, Improvements Not to be Charged For, Demand and Refusal of Vendor to Comply—Complaint Sufficient.**

A complaint for specific performance, alleging a lease from defendant administrator's decedent to plaintiff of the land with an option provision for purchase thereof by lessee within a specified period at a specified price with certain cash payment and balance on or before five years on "5 P. C. P. A. interest," that possession was given lessee with right to make improvements, which were not to be charged to lessor, and that plaintiff purchaser demanded deed and made tender of purchase money, which was refused and that defendant, administrator of deceased lessor, refused to complete the contract, states a cause of action.

Appeal from Circuit Court, Potter County. Hon. JOSEPH H. BOTTUM, Judge.

Action by L. E. Tennant, against James Rafferty, as administrator of the estate of Michael F. Rafferty, deceased, and others, to enforce specific performance of a contract for sale of realty. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*James R. McGee,* for Appellant.

*O'Keefe & Auldridge,* for Respondents.

(1) To point one of the opinion, Respondents cited: George v. Conhaim (Minn.) 37 N. W. 791; Shumway v. Kitzman (S. D.) 134 N. W. 325; Meyer Land Co. v. Pecor (S. D.) 101 N. W. 39.

POLLEY, P. J. Action for specific performance of a contract to convey real property. Defendants demurred to the plaintiff's complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appeals.

The contract involved is a lease of a half section of land in Potter county for a period of three years, with an option to the lessee to purchase the land during the life of the lease. The clause in the contract granting the allaged option is stated as follows:

"Party of the first part hereby agrees to give the party of the second part a chance to buy said land, * * * any time between this date and March 1, 1920, for the sum of $20 per acre, or $6,400, payable as follows: Cash payment, $1,400; and $5,000 on five years' time, on or before, at 5 P. C. P. A. interest. Party of the second part agrees not to make any charges for improvements on said land described within."

Pursuant to the terms of the agreement, plaintiff entered into possession of the land, and, relying upon his right to purchase the same, made improvements thereon to the value of $5,000. During the spring of 1919 the owner and lessor of the land died, and James Rafferty, one of the defendants, was appointed administrator of decedent's estate. The other defendants are heirs at law of decedent. Within the time limited by the option clause in the contract plaintiff undertook to exercise his right to purchase the land. He offered the defendant the entire

contract price of the land, and demanded that they execute a canveyance of the title to him. Defendants refused to accept the tender or to execute a deed. Plaintiff then tendered defendants $1,400 in cash, and notes for the balance in five years, with interest at 5 per cent. payable annually, and secured by a mortgage on the land. This tender and demand defendants also refused, and plaintiff brought this action to compel performance.

[1] Defendants' reason for refusing to carry out the terms of the agreement is that such agreement is incomplete, indefinite, and uncertain. In support of this position defendants claim that the contract does not provide for the giving of any note or security for the deferred payment on the purchase price, and does not specify whether the interest on the deferred payment is payable annually, or not until final payment is made. Neither of these grounds is well taken. While it is customary to take notes secured by mortgages for deferred payments on sales of real estate, there is no law that requires it, and in this case there was no occasion for it. The contract does not provide for a conveyance of the title until the purchase money is all paid. So long as the grantor retains the title, there is no occasion for a mortgage.

In order to exercise his option to purchase, the grantee is required to pay $1,400 in cash. The balance of $5,000 he may pay at his option at any time "on or before" five years after the first payment, and the right to purchase implies the right to a conveyance of the title when the purchase money is all paid.

[2] It is also contended by defendants that it cannot be determined whether the clause, "5 P. C. P. A. interest," where used in the contract, means interest at 5 per cent. per annum, without specifying when payable, or interest at 5 per cent. payable annually. But it is not necessary to consider this question. Plaintiff had the privilege of paying all cash, and his tender of the full amount of the purchase price eliminated the question of interest.

[3] While the contract set out in the complaint is not very artistically drawn, we believe it contains enough to constitute a binding contract to sell the land involved, and the demurrer should have been overruled.

The order appealed from is reversed.